Where one partner, who was the manager of the business, purchased the interest of the other partners, it was his duty to make full disclosure of the condition of the business in every way essential to an adequate knowledge on the part of the other partners as to what they were selling. On bill for injunction. Heard on return of order to show cause.
Complainants and defendant bore to each other a trust relationship as partners, and when defendant purchased the interest of complainants in the partnership business it was his duty, as a partner and manager of the business purchased, to make a full and complete disclosure of the condition of the business in every way essential to an adequate knowledge on the part of complainants as to what they were selling, and the burden is upon the defendant to establish the fact that he performed his full duty in that respect. It is impossible to draw any conclusion from the affidavits filed other than that defendant performed his full duty. Complainants fix the date of dissolution as March 15th, 1907. Defendant fixes the date as March 8th, 1907. It is manifest that on either of these dates the prospect of effecting a sale of the land in question was so remote that neither complainant nor defendant, with all the facts touching the transaction before them, could properly have regarded *Page 244 
the negotiation as an asset of value or worthy of consideration. Up to March 20th, the negotiations were in effect abandoned, according to the testimony of Mr. Meyer. If Mr. Meyer's testimony is to be credited, it is manifest that at the date of the dissolution neither he nor defendant could have entertained any expectation that negotiations would ever be renewed touching the sale of the lands in question. I think it is entirely clear that it was only the subsequent reduction in price by the owners of the land which suggested the resumption of the negotiations of sale. If defendant, at the time of dissolution, stated (as it is claimed by complainants) that no business or deal was pending, I entertain the view that such statement was fully justified so far as the transaction in question is concerned. As a blocked or abandoned negotiation it could scarcely have been properly considered as pending or worthy of serious consideration. Had the increased offer for the land or the reduction in the price for the sale of the land been made prior to the dissolution a different aspect might be given to the situation.
I am convinced that under the evidence before me a preliminary writ would be without sufficient justification.
 The order to show cause will be discharged.
 *Page 416